UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ARTHUR GENE THOMPSON                CIVIL ACTION NO. 10-cv-1021

VERSUS                              JUDGE STAGG

VETERANS ADMINISTRATION             MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

Mr. Arthur Gene Thompson filed this civil action, without representation by an attorney, against the Veterans Administration ("VA"). Mr. Thompson alleges that Dr. Charles Armistead at the VA refuses to change his 85% non-service connected disability to service-connected. Thompson alleges that his disability was caused by an event on a United States ship. He asked that the court order payment of disability benefits retroactive to 1976 and until his death.

Congress has passed statutes that make it clear that federal district courts may not review veterans' benefits determinations. There is an exclusive review procedure that the veteran must follow, and it begins with filing a claim at a regional office of the VA. The veteran may appeal his benefit determination to the Board of Veterans Appeals. The Board's decision may be appealed to the Court of Appeals for Veterans Claims, and that court's decisions are reviewed exclusively by the United States Court of Appeals for the Federal Circuit. The veteran may then petition for review by the Supreme Court. See Shinseki v. Sanders, 129 S.Ct. 1696, 1701 (2009) (outlining appeals process); Zuspann v. Brown, 60

F.3d 1156, 1158-60 (5th Cir. 1995) (district court lacks jurisdiction over benefits claim against the VA); and <u>Lundy v. Department of Veterans Affairs</u>, 142 F.Supp. 2d 776 (W.D. La. 2001) ("district courts are precluded from reviewing VA benefit decisions."). This court does not have the authority to grant the relief that Mr. Thompson requests. He must make his arguments within the process that Congress has established for review of such claims.

Accordingly,

**IT IS RECOMMENDED** that Mr. Thompson's complaint be **dismissed without prejudice** for lack of subject matter jurisdiction.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of August, 2010.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE